IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08CV224-03-MU

| | |
|---|---|
| KEVIN RAY PARKER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| RICHARD L. NEELY; BOYD ) | |
| BENNETT, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed May 13, 2008. (Document No. 1.)

Plaintiff provides a list of unrelated incidents in his Complaint. His list is made up of a series of complaint regarding his living conditions. First, he complains that the water heater in his building frequently requires maintenance to repair or reset it, resulting in the showers being closed for at least two hours at a time. When the showers are closed, there is generally not enough time for all the inmates to shower causing unsanitary conditions. Next, Plaintiff complains that there are roof leaks in his building that are currently being remedied with buckets and pails. Some of the water spills onto the floor causing unsafe conditions. Next, Plaintiff complains that the windows in his building are antiquated and leak "creat[ing] a drafty and inconsistent indoor environment and could prove to be unsafe for inmates with weakened immune systems." (Complaint at 8.) Plaintiff also complains that there is an above ground sewer/septic tank which causes "an extremely foul and sickening odor." Plaintiff also complains that he is required to keep his shoes and dirty clothes

1

among his clean clothing. Next, Plaintiff complains that the inmates housed in the segregation unit must use the shower in his unit. While the segregation inmates are showing, Plaintiff's building must be cleared and locked. While Plaintiff "understands the legitimate security interest in keeping seg inmates separated from general population, [] this creates a chaotic cruel and unusual situation that would take little imagination to remedy." (Complaint at 9-10.) Plaintiff also complains that he has not been educated on a fire escape or other emergency plan this creating an unsafe condition. Finally, Plaintiff complains that in the school building, there are exposed wire ends and nuts inside of the drop ceiling that are not contained within junction boxes creating a fire hazard.

First, Plaintiff lists Mr. Boyd Bennett, Director of Prisons, in the caption of his Complaint, however he is not mentioned again in the body of the Complaint as having had any personal contact with the Plaintiff with respect to any of his allegations regarding living conditions. The Court assumes that Mr. Bennett was named in his supervisory capacity. However, the Court notes that the doctrine of respondeat superior is generally inapplicable to § 1983 suits. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). Additionally there are no allegations that this Defendant instituted any official policy that any other Defendant was following which caused Plaintiff's alleged constitutional deprivations. Therefore, there is no basis upon which to attach supervisory liability to Mr. Bennett. Fisher v. Washington Metro. Area Transit Auth., 690 F.2d 1133, 1142-43 (4th Cir. 1982) Therefore Mr. Bennett is dismissed.

Next, Eighth Amendment protection from cruel and unusual living conditions has both objective and subjective components. Conditions must rise to the level of a deprivation of a basic human need such as food, warmth, or exercise. Williams v. Griffin, 952 F.2d 820, 824 (4th Cir. 1991). In addition, prison officials cannot be held liable under the Eighth Amendment unless they

knew of and disregarded an excessive risk to inmate health or safety. Farmer v. Brennan, 511 U.S. 825, 824 (1994). A determination that prison conditions violate Eighth Amendment requires finding that conditions deny minimal civilized measure of life's necessities and are inflicted wantonly. Wilson v. Seiter, 501 U.S. 294, 298 (1991).

Plaintiff's Complaint is made up of a series of general complaints regarding his living conditions. To be sure, sanitation conditions are serious, however, in order to state a Constitutional violation, such conditions must cause serious deprivation to which prison officials are deliberately indifferent. Id. at 304-05 (1991). Leaking ceilings, pigeons sometimes nesting in the building, occasional mold in showers, old buildings, and single exit from cellhouse, were found not constitutionally significant. Shrader v. White, 761 F.2d 975, 983-84 (4th Cir. 1985). Here, Plaintiff simply listed, among his other complaints, that not all inmates are able to shower everyday because the water heater often needs repair, the roof leaks, the windows are antiquated, the sewer system smells, the segregation population uses the showers in his unit, he has not been educated on an emergency evacuation plan and there are exposed wire ends and wire nuts inside of the drop ceiling. While some of these living conditions are inconvenient and less than ideal, Plaintiff has not stated any significant deprivation, therefore his claim shall be dismissed.

Moreover, Plaintiff has failed to articulate an actual injury in connection with this claim. Instead, he claims that he suffers from anxiety, helplessness and undue burden as a result of his living conditions. See 42 U.S.C.§ 1997(e) (prisoner cannot maintain a § 1983 action for mental or emotional injury absent physical injury). As such, his claim is dismissed.

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is Dismissed for failure to state a claim for relief.

**SO ORDERED**.

Signed: May 19, 2008

Graham C. Mullen
United States District Judge